*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

---

*In re* SB.

FOR PUBLICATION
June 27, 2024

---

AB,

      Petitioner-Appellee,

v

No. 367014
Clinton Circuit Court
Family Division

SB,

LC No. 2022-030774-PP

      Respondent-Appellant.

---

Before: CAMERON, P.J., and N. P. HOOD and YOUNG, JJ.

YOUNG, J. (*concurring*).

I agree fully with the lead opinion. I specifically agree that "a PPO's duration restricts, qualifies, or limits its effectiveness to a certain time period" and as such, is a condition to the PPO that may be imposed sua sponte at sentencing under MCR 3.708(H)(5).

I write separately to highlight some concern regarding the different terminology in MCR 3.707(B)(1) versus MCR 3.708(H)(5). MCR 3.707(B)(1) provides the procedure to "extend" a PPO's "effectiveness," including that such action proceed from a petitioner's motion. MCR 3.708(H)(5), as is established, does not refer to the "effectiveness" or duration of a PPO in any manner, but rather the "conditions" of a PPO. At first blush, MCR 3.707(B)(1) appears to provide the exclusive procedure to amend a PPO's duration. But that is only until reaching the broad language of MCR 3.708(H)(5), which I agree incorporates authority to do so as an "other condition" at sentencing.

Notably, the court rules can employ specific language when making one particular court rule the exclusive or near-exclusive mechanism for action. Consider MCR 3.704. That court rule provides, "*Except as specified in MCR 3.705(A)(5) and (B)*, an action for a [PPO] may *only* be

dismissed upon motion by the petitioner prior to the issuance of an order." (Emphasis added.) Similar language could have been used in MCR 3.708(H)(5) to narrow the definition of "conditions" to exclude a PPO's "effectiveness" as governed by MCR 3.707(B)(1), or used in MCR 3.707(B)(1) to clarify that a PPO's duration may only be changed under that rule. It was not.

This is why I join my colleagues in holding that "other conditions" is a general term that encompasses the extension of a PPO's duration. But given the above, I invite our Supreme Court to amend the language in these court rules to provide greater clarity to the trial courts, or else correct any misunderstanding from this Court. As noted in the lead opinion, court rules have been amended in the past to clarify courts' sua sponte authority to take certain action following a case that decided the issue. See *People v Comer*, 500 Mich 278, 296-297; 901 NW2d 553 (2017); MCR 6.429(A); 501 Mich at cclix-cclx (2018).

/s/ Adrienne N. Young